## THE POMONA.

LOUISIANA & T. R. & S. S. CO. *v.* THE POMONA AND HER CARGO.

*(District Court, D. South Carolina. March 2, 1889.)*

SALVAGE—DISTRIBUTION OF AWARD.

Where a rescue is made by a steam-ship, and there is no danger or risk or extra trouble to the crew, and $2,000 are awarded as salvage, including the charge for a tug, the owners should be awarded four-fifths of that sum. And the master having undertaken the service on his own responsibility, and having been commended for it, is entitled to $200. The remainder should be divided among the other officers and employes,—the steam-ship having no passengers,—in proportion to their wages.

In Admiralty. On distribution of an award for salvage.

*Barker, Gilliland & Fitzsimons,* for libelant.
*T. M. Mordecai,* for claimant.

SIMONTON, J. By decree filed 29th January, 1889, libelants were allowed as salvage $2,000, including the charge of the tug for towing the Pomona over the bar into the harbor of Charleston. *The Pomona, ante,* 444.

The only remaining question is as to the distribution of this sum among the salvors. The crew of the steam-ship New York have intervened, setting up their claim for part of the award. Under the rule once prevailing in admiralty, the owners of the salving vessel could not receive more than one-third of the award, (*The Blaireau,* 2 Cranch, 240; *The Henry Ewbank,* 1 Sumn. 426; *The Cora,* 2 Wash. C. C. 80;) unless there were unusual circumstances of peril to the salving vessel, (*The Henry Ewbank.*) In *The Island City,* 1 Black, 129, it seemed to be admitted that where the salving vessel was a steamer, and so capable of rendering the most efficient aid, her proportion should be greater; and this is recognized in *The Raikes,* 1 Hagg. Adm. 246; *The Earl Grey,* 3 Hagg. Adm. 363; *The Beulah,* 1 W. Rob. 477; *The William Penn,* 2 Hughes, 144. In *The C. W. Ring,* 2 Hughes, 99, decided by Judge BRYAN, late judge of this district, as referee, before his court was organized, in 1866, the question was considered, and the proportion of the salving vessel— a steam-ship—in the award was raised to three-fifths. In *The Leipsic,* 5 Fed. Rep. 108, Judge CHOATE, of New York, had this question before him. The circumstances of that case were almost the same as in the case of *The Pomona.* A steam-ship, disabled because of a broken shaft, dependent upon her sails, which were uninjured, was rescued by a passing steamer; there being no present imminent danger to the salving vessel or her crew, the essential feature of the service being its prompt and efficient action. Judge CHOATE allowed the salving steamer three-fifths of the award. He adopted the same rule in *The Adirondack,* 5 Fed. Rep. 215. In the present case there was no danger, or risk, or extra trouble to the crew. The service was by the ship entirely. The loss of time was hers only. I will increase the proportion, and make it four-fifths. The next question is as to the apportionment among the officers and crew. The master of the New York, upon his own responsibility, undertook the service. He has been commended for it. Following the cases, especially the two of Judge CHOATE and *The Henry Ewbank, supra,* let the master of the New York have $200. Let the remainder of the one-fifth be divided among the other officers and the persons employed upon the steam-ship New York, (she had no passengers) in the proportion of the wages received by them; the counsel fees of this suit to libelant's proctor to be charged on the fund.